

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LINDA CRISTINA ROBICEAUX, | § § § | **A15CV0417SS** |
| Plaintiff, | § § | CIVIL ACTION NO. _____ |
| v. | § § | |
| CENTENE CORPORATION; | § | JURY TRIAL DEMAND |
| CENTENE COMPANY OF TEXAS, LP; | § | |
| AND SUPERIOR HEALTH PLAN, INC. | § | |
| Defendants. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Plaintiff Pro Se Linda Cristina Robicheaux, on behalf of herself, and in support thereof would show the following:

### NATURE OF THE ACTION

This lawsuit is a civil action under Title I of the Americans with Disabilities Act, as amended ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Defendant, who was adversely affected by such practices. This suit is also brought to

effectuate appropriate injunctive relief for others who may have been adversely affected by Defendant's discriminatory practices, and to prevent further occurrence of such practices.

As alleged with greater specificity in the Statement of Claims below, Defendant discriminated against Plaintiff when it failed to provide her with a reasonable accommodation for her actual disabilities, aplastic anemia and pulmonary fibrosis, which were caused by construction in Defendant's immediate workplace. Defendant terminated Plaintiff's employment because of her disability in violation of the ADA. Alternatively, the Plaintiff alleges that Defendant terminated her employment because it regarded her as having a disability.

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f) (1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.

The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas.

## PARTIES

3.

Plaintiff, Pro Se Linda Cristina Robicheaux ("Robicheaux" or "Plaintiff") is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.

At all relevant times, Defendant, Centene Corporation ("Defendant") and its associated entities have continuously been a corporation organized under the laws of the Delaware, doing business within the State of Texas, and has continuously had at least 15 employees.

5.

At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e (g) and (h).

6.

At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.

At least since March 2014, Defendant has engaged in conduct in Austin, Texas which violates the ADA.

8.

Ms. Robicheaux has at all times relevant been a qualified individual with a disability within the meaning of the ADA.

9.

Ms. Robicheaux has been diagnosed with aplastic anemia and pulmonary fibrosis. The construction activities Plaintiff encountered during her employment with Centene greatly exacerbated these illnesses, causing Plaintiff to require oxygen and nebulizer treatments which were never required prior to employment. These respiratory illnesses have caused her on occasion required her to be bedridden or home bound, and it also has forced her to use a breathing device throughout the day. Her respiratory illnesses substantially limit major life activities, such as breathing & taking care of herself and family. These illnesses have also caused her the loss and enjoyment of time with her husband, daughter and other friends and family. Accordingly, Ms. Robicheaux is disabled within the meaning of the ADA.

10.

Defendant hired Ms. Robicheaux in September of 2013 as a Medical Case Manager II. Mrs. Robicheaux is a registered nurse certified by the State of Texas. Upon her acceptance of the position, Mrs. Robicheaux was advised that after her 90-day probation period, she would be allowed to work from home. Ms. Robicheaux performed her job satisfactorily, even when required to work an exhaustive 40 – 70 hours per week, as a salaried employee of Centene Corporation, and received a merit increase 4/8/14.

11.

In February of 2014, Trimbuilt Construction ("Trimbuilt") at 12800 N Lamar Blvd, Austin, TX 78753 (512) 832-1979 began construction in Plaintiff's workplace. Neither Trimbuilt, nor the building management team or a designated representative, placed protective plastic around doorways, or fans which would blow or move the contaminated airways outside of the office environment away from the employees in the designated workspace. Trimbuilt's workers, however, did wear face masks and protective gear. Yellow particulate was witnessed dropping on the desktops of Centene employees from the air and ventilation ducts.[4] Mrs. Robicheaux believes this suspect, yet unidentified, yellow dust and other contaminants related to the construction is responsible for the exacerbation of her diagnoses of aplastic anemia and pulmonary fibrosis which caused her respiratory failures, and subsequently, for her wrongful termination.

12.

Ms. Robicheaux was an established patient with her hematologist Dr. Bali Netaji. She had set up a baseline with her pulmonologist Dr. Laura Gilbey back in 2013, but had to make an appointment due to worsening breathing issues on March 6, 2014, upon which time she was advised by her physician, to work from home to avoid the environmental issues present in her workplace believed to be emanating from Trimbuilt's work activities. Mrs. Robicheaux presented her paperwork from the physician advising her to work from home to her direct supervisor, Kelli Lane, and Ms. Lane subsequently declined both the Plaintiff's request to work from home and Plaintiff's request for Ms. Lane to review the paperwork from Mrs. Robicheaux's physician advising Plaintiff to

---

[4] Photographs of yellow dust attached as Exhibit A.

make said request. This paperwork included a statement from Dr. Gilbey advising that Plaintiff had "upper and lower airway inflammation, likely from respiratory virus and/or environmental allergens... Avoidance of the dust/fumes related to construction in her workplace would be quite helpful; she has the ability to work from home."[5]

13.

On March 20, 2014, Ms. Robicheaux followed up with Dr. Gilbey, who again advised her to work from home until she was in an improved state to work in the presence of the ongoing construction activities occurring in her workplace environment. Mrs. Robicheaux returned to work the following day where she once again made the request to Ms. Lane for allowance to work from home and offered paperwork from Dr. Gilbey as proof of such advisement. Once again, her Kelli Lane declined to grant such request. Mrs. Robicheaux made a request to her direct supervisor to move her cubicle away from construction activities on March 21, 2014. Again, two days later on March 23, 2014, Plaintiff made a request to her direct supervisor to move cubicle in an effort to avoid the construction dust emanating from the stairwell up to the area of her cubicle. No attempt was made to accommodate these requests by anyone in Centene Corporation, though similar coughing and health issues were experienced by other co-workers.

14.

In April of 2014, Plaintiff was advised by Ms. Lane, her direct supervisor, to leave out any mention of health issues related to her work environment in the building on her Career Development Plan.

---

[5] See Exhibit B, Visit Summary dated March 6, 2014, by Dr. Laura Gilbey, MD, Austin Pulmonary Consultants, PA.

15.

On May 14, 2014, Mrs. Robicheaux experienced additional respiratory distress to include shortness of breath and coughing; she therefore followed up with her physician. Again the Plaintiff returned to work and requested she be allowed to work from home due to her respiratory complications.

16.

Pink filters were placed over the air vents which were located above the workspace for Plaintiff and her co-worker, Shalla Newton on May 15, 2014.[6] No one from Centene, the building management team, or Trimbuilt made any attempt to discuss the reason for the filters with the employees.

17.

Plaintiff returned to her physician on May 19, 2014, with complaints of increased shortness of breath and difficulty breathing. Her physician increased her medication to alleviate her respiratory distress. Subsequently, Mrs. Robicheaux again made a request on May 20th to her direct supervisor, Kelli Lane, and Medical Case Managing Director, Kevin Calvert, to work from home to allow her lungs the time to properly heal before returning to the workplace. Plaintiff never received a response from either supervisor. May 30th Plaintiff had an appointment with Dr. Gilbey & was placed on oxygen for use at night.

18.

---

[6] See Exhibit C, photographs of pink filters.

On June 5, 2015, Plaintiff began feeling extremely ill and again asked supervisor, Kelli Lane, to work from home and request was denied. Mrs. Robicheaux was admitted to the hospital later that afternoon where she stayed overnight to receive oxygen and other intensive respiratory treatments, and was placed on continuous oxygen for home use. This was the last day Plaintiff was physically in the workplace.

19.

Ms. Robicheaux experienced retaliation from her employers subsequent to her requests for relief and the ability to work from home.

20.

On June 12, 2014, Plaintiff called Liberty Mutual to file short term disability claim number 3344724. On June 14, 2014, Mrs. Robicheaux spoke with Charlie Trad, Centene Human Resources, in regard to filing a worker's compensation claim. Mr. Trad assured Plaintiff she would not lose her job if filing such a claim. Two days later on June 16, 2014, Plaintiff was locked out of computer access to Centene. The following day, Plaintiff sent an email to Corporate Human Resources at Centene outlining the issues.

21.

Plaintiff filed worker's compensation claim number 14269916-AU, submitted a corrected claim #142-79247-AU and received denial of such claim on July 14, 2014. Short-term disability was approved on July 25, 2014. Plaintiff received an order from her physician, Dr. Netaji, for designation of permanent handicap disability.

22.

Mrs. Robicheaux was informed by Centene Human Resources, Charlie Trad, that her employment would terminate effective December 5, 2014 since that is when STD ends & LTD denied because of "preexisting conditions".

23.

Defendant failed to reasonably accommodate Ms. Robicheaux's disability.

24.

Defendant violated the ADA by failing to reasonably accommodate Robicheaux's request for additional leave so that she could return to work after recovering from the construction dust inhaling incident on its premises that caused her respiratory failures and exacerbation of prior illnesses.

25.

Defendant violated the ADA by failing to reasonably accommodate Robicheaux's request to work at home so that she could return to work after recovering from the debilitating respiratory illness caused by detrimental construction activities that occurred while Plaintiff was in the workplace.

26.

Defendant violated the ADA by failing to reasonably accommodate Mrs. Robicheaux's request to make workplace modifications so that Plaintiff could return to work after recovering from the detrimental effects caused by construction activities on its premises that caused her respiratory illness, so that the likelihood of another attack would be minimized, and her lungs would be allowed to properly and adequately heal.

27.

Defendant violated the ADA by failing to engage in the interactive process regarding any of Plaintiff Robicheaux's reasonable accommodation requests.

28.

Defendant violated the ADA by discharging Plaintiff Robicheaux because of her disability.

29.

Defendant violated the ADA by discharging Plaintiff Robicheaux because of her impairment, respiratory failure. The discharge was due to Defendant regarding Charging Party as disabled.

30.

The practices complained of herein have deprived Mrs. Robicheaux of equal employment opportunities by discharging her from her job because of her disability.

31.

The unlawful employment practices complained of herein were, and continue to be, committed with malice or with reckless indifference to Mrs. Robicheaux's federally protected rights.

32.

Defendant's unlawful practices complained of herein have violated the rights of affected persons protected under the ADA.

33.

The unlawful employment practices complained of herein were intentional.

34.

The unlawful employment practices complained of herein have caused Plaintiff, Mrs. Robicheaux, to suffer economic injuries, including but not limited to lost wages, as well as nonpecuniary injuries.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from refusing to accommodate and from illegally terminating individuals who are "disabled" within the meaning of the ADA, and any other employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices, including allowing disabled employees to use leave as a reasonable accommodation.

C. Order Defendant to make whole Mrs. Robicheaux by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to reinstate Mrs. Robicheaux or to make her whole by providing her with front pay, in amounts to be determined at trial, to eradicate the effects of Defendant's unlawful employment practices.

E. Order Defendant to make whole Mrs. Robicheaux by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F. Order Defendant to make whole Mrs. Robicheaux by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional and mental anguish, pain and suffering, humiliation, loss of enjoyment of life, and devastation in amounts to be determined at trial.

G. Order Defendant to pay Mrs. Robicheaux punitive damages for its malicious and reckless conduct, as described herein above, in amounts to be determined at trial.

H. Grant such further legal or equitable relief as the Court deems necessary and proper in the public interest.

I. Award Plaintiff attorney's fees and other costs inclusive of the filing of this action.

## JURY TRIAL DEMAND

In accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure, the Commission hereby requests a jury on all issues raised in the instant Complaint which may be tried by jury.

Respectfully submitted,

*Linda Robicheaux*

/s/ *Robich*

5206 Thunderbird St.
Lago Vista, Texas
78645
512 577-1578

AFFIDAVIT OF APPLICANT I declare under penalty of perjury the above answers and statements to be true and correct to the best of my knowledge. I understand that this affidavit will become an official part of the United States District Court files and that any false or dishonest answer or statements knowingly made by me in this Affidavit are illegal and may subject me to criminal penalties, including any applicable fines or imprisonment, or both.

Signature: *[signature]*

Printed Name: Linda Cristina Robicheaux

Date: 5-18-15

Sworn to and subscribed before me this __18__ day of __May__, 20_15__.

*[signature]*
NOTARY PUBLIC



MARCY STEINFORT
MY COMMISSION EXPIRES
November 15, 2015